IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BOBBY J. SPENCER and DIANE W. SPENCER,**<br><br>        **Plaintiffs,**<br><br>v.<br><br>**MILLSAP AND SINGER, LLC,**<br><br>        **Defendant.** | Case No. 20-2475-DDC-JPO |

### MEMORANDUM AND ORDER

This matter is before the court on plaintiffs' pro se[1] Motion for Default Judgment (Doc. 6). Plaintiffs ask the court to enter a default judgment against defendant under Federal Rule of Civil Procedure 55(b). Plaintiffs assert that the court should grant the motion because, they allege, they served defendant with process and defendant failed to answer or otherwise respond to the Complaint (Doc. 1) by the purported deadline. *See* Doc. 6 at 1; *see also* Doc. 7 at 1–2 (Mem. in Supp.). The court now explains why it denies plaintiffs' motion without prejudice.

Plaintiffs' request that the court proceed directly to default judgment fails to comply with the Federal Rules of Civil Procedure. Rule 55—the default judgment rule—mandates a two-step process. *First*, a party seeking a default judgment must (1) inform the Clerk of Court "by affidavit or otherwise" that the opposing party has failed to plead or otherwise respond, and (2) request that the Clerk enter default on the docket. Fed. R. Civ. P. 55(a). *Second*, after the Clerk enters the default, the party may apply to the court for a default judgment. Fed. R. Civ. P. 55(b).

---

[1] Because plaintiffs proceed pro se, the court construes their filings liberally and holds the filings to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

Here, plaintiffs skipped the first step.  They have not asked the Clerk to enter default against defendant under Rule 55(a).  This renders their request premature.[2]  So, any default judgment must wait.

And even if the court construes liberally the pro se motion as one for entry of default under Rule 55(a), the motion is ineffective.  Plaintiffs are entitled to a Rule 55(a) entry of default if defendant "failed to plead or otherwise defend" against the action.  But defendant has no obligation yet to plead or otherwise defend because plaintiffs failed to serve defendant properly.  *See* Doc. 12 at 1–2 (granting motion to quash service of summons).

The court thus denies the motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' Motion for Default Judgment (Doc. 6) is denied without prejudice.

**IT IS SO ORDERED.**

**Dated this 3rd day of December, 2020, at Kansas City, Kansas.**

                                            **s/ Daniel D. Crabtree**
                                            **Daniel D. Crabtree**
                                            **United States District Judge**

---

[2]    *See, e.g.*, *Meyers v. Pfizer, Inc.*, 581 F. App'x 708, 710 (10th Cir. 2014) (affirming district court's decision to deny default judgment motion where plaintiff "tried to comply with the first step, but failed"); *Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007) (affirming district court's decision to deny plaintiff's request for default judgment because, among other things, plaintiff was not entitled to default judgment when the Clerk had not yet entered default under Rule 55(a)—a "prerequisite for the entry of a default judgment under Rule 55(b)(1)"); *Christenson Media Grp., Inc. v. Lang Indus., Inc.*, 782 F. Supp. 2d 1213, 1223 (D. Kan. 2011) (denying motion for default judgment because "the motion is premature" where by "moving for default judgment first, plaintiff is trying to skip step one and jump to step two").