UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BOBBY J. SPENCER | ) | |
| and DIANE W. SPENCER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 20-2475-DDC |
| | ) | |
| MILLSAP AND SINGER, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Plaintiffs, proceeding pro se, filed this action against the defendant law firm, alleging defendant committed fraud and trespass while representing CitiMortgage, Inc. ("Citi") in Citi's foreclosure proceedings against plaintiffs. Currently before the undersigned U.S. Magistrate Judge, James P. O'Hara, is the motion of defendant to stay discovery and pretrial proceedings (ECF No. 21) until the court decides defendant's motion to dismiss plaintiff's amended complaint (ECF No. 17), which is pending before the presiding U.S. District Judge, Daniel D. Crabtree.  Plaintiffs have not filed a response to

˅1˅

the motion to stay discovery and pretrial proceedings,[1] and the time for doing so under D. Kan. Rule 6.1(d) has run.  The motion is granted.

D. Kan. Rule 7.4 provides: "If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decided the motion as an uncontested motion.  Ordinarily, the court will grant the motion without further notice." Although the court could grant the motion solely on the ground that it is unopposed, the court will briefly address the merits of the motion.

It has long been the general policy in the District of Kansas not to stay discovery even if a dispositive motion is pending.[2]  But four exceptions to this policy are recognized. A discovery stay may be appropriate if: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit.[3]  The decision whether to stay discovery rests in the sound

---

[1] It bears noting that plaintiffs also have failed to timely respond to the motion to dismiss.

[2] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[3] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297–98 (D. Kan. 1990)); *Lofland v. City of Shawnee*, No. 16-2183, 2016 WL 5109941, at *1 (D. Kan. Sept. 20, 2016).

˅2˅

discretion of the district court.[4]   As a practical matter, this calls for a case-by-case determination.

The court has reviewed the record, the instant motion, and the pending dispositive motion.   The court concludes that a brief stay of all pretrial proceedings—including discovery and the scheduling of deadlines—is warranted until the court resolves defendant's dispositive motion.   First, the dispositive motion raises credible arguments related to res judicata, statute of limitations, and failure to state a claim.   The undersigned certainly does not presume to know how Judge Crabtree will rule the dispositive motion, but it does seem fairly likely that his ruling will result in the conclusion of this action.   Second, there is no indication on the record that discovery would have any effect on the outcome of the dispositive motion.   Finally, even if the case is not dismissed by a ruling on the dispositive motion, Judge Crabtree's decision could narrow this case, making discovery at this point wasteful and burdensome.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED:

1)      The motion to stay is granted.   All pretrial proceedings in this case, including discovery and initial disclosures, are stayed until further order of the court.

---

[4] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

O:\ORDERS\20-2475-DDC-21.DOCX

2.      The telephone scheduling conference set for March 17, 2021, is cancelled. The March 8, 2021 deadline for the parties to submit a report of planning conference pursuant to Fed. R. Civ. P. 26(f) is vacated.

3.      Within 14 days of the ruling on the pending motion to dismiss, should the case remain open, the pro se plaintiffs and defense counsel shall confer and submit a Rule 26(f) report to the undersigned's chambers.

Dated January 25, 2021, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge