## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BOBBY J. SPENCER and
DIANE W. SPENCER,

        Plaintiffs,

v.

MILLSAP AND SINGER, LLC,

        Defendant.

Case No. 20-2475-DDC-JPO

### MEMORANDUM AND ORDER

Pro se[1] plaintiffs Bobby J. Spencer and Diane W. Spencer bring several claims against

defendant Millsap and Singer, LLC.  *See* Doc. 1 at 10–13 (Compl.).  Defendant is a law firm

who represented an adverse party in litigation involving plaintiffs.  *See id.* at 2–3, 6–8 (Compl.).

Defendant filed a Motion to Dismiss (Doc. 17) and a Memorandum in Support (Doc. 18).

Ultimately, the court grants defendant's motion.  Before explaining its reasoning, the court first

considers (1) plaintiffs' failure to respond to the motion in a timely fashion, and (2) plaintiffs'

independent conduct that is more troubling.  Indeed, it may warrant sanctions.

### I.    Plaintiffs' Failure to Respond to Defendant's Motion to Dismiss

Defendant filed a Motion to Dismiss (Doc. 17).  Our court's local rules[2] provide that "a

party opposing a motion must file a responsive brief or memorandum."  D. Kan. Rule 7.1(c).

---

[1]    Because plaintiffs proceed pro se, the court construes their pleadings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers).  But, under this standard, the court does not assume the role as plaintiffs' advocate.  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  The court does not construct arguments for plaintiffs or search the record.  *Id.*

[2]    In addition to the Federal Rules of Civil Procedure, our court's local rules "govern the procedure in all proceedings before this court."  D. Kan. R. 1.1(a).

"Responses to motions to dismiss . . . must be filed and served within 21 days."  D. Kan. Rule 6.1(d).  "Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum."  D. Kan. Rule 7.4(b).  "If a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion.  Ordinarily, the court will grant the motion without further notice."  *Id.*

Here, plaintiffs failed to respond to defendant's Motion to Dismiss in a timely fashion. Given plaintiffs' silence and the missed deadline, the court ordered plaintiffs to show cause why the court should not grant defendant's Motion to Dismiss as unopposed.  Doc. 23 at 1–2.  The Show Cause Order (Doc. 23) ordered plaintiffs to file a Response to the Show Cause Order and any Response to defendant's Motion to Dismiss.  *Id.* at 2.  Plaintiffs timely responded to the Show Cause Order by filing a document (Doc. 24) that responds to both the Show Cause Order and defendant's Motion to Dismiss.

In that joint Response, plaintiffs assert that they failed to respond in a timely fashion because they misunderstood the Federal Rules of Civil Procedure.  *See* Doc. 24 at 1.  They explain that they had believed that Fed. R. Civ. P. 7 prohibited them from responding.  *See id.* Plaintiffs were mistaken.  *See* D. Kan. Rule 7.1(c) ("Within the time provided in D. Kan. Rule 6.1(d), a party opposing a motion must file a responsive brief or memorandum.").  Plaintiffs' pro se status does not itself excuse their confusion about the governing procedural rules.  Our Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."  *Garrett*, 425 F.3d at 840 (citation and internal quotation marks omitted).  The court thus finds no excusable neglect here.

As the court explained in its Show Cause Order (Doc. 23), courts ordinarily grant motions as unopposed absent a timely Response.  *See* D. Kan. Rule 7.4(b).  But hesitant to resolve this case strictly on procedural grounds, the court will consider the merits of defendant's arguments for dismissal.  It considers plaintiffs' Response (Doc. 24) when doing so.

But perhaps the court's permissiveness will turn bittersweet for plaintiffs.  When reviewing plaintiffs' Response, the court discovered another problem.  Their Response not only makes arguments opposing dismissal, but also apparent threats.  The court now considers this troubling portion of plaintiffs' untimely Response and whether it might warrant sanctions.

## II.    Ordering Plaintiffs to Show Cause Under Fed. R. Civ. P. 11(c)

Plaintiffs' Response appears to threaten defendant.  Plaintiffs warn that "[d]efendant has NO idea[ ] what [p]laintiffs are capable of when the [c]ourt permits the terms of *Last Clear Chance and In Terror Synonyms* will have new meanings."  Doc. 24 at 16.  Plaintiffs should have saved their word-play skills for crossword puzzles rather than deploying them to threaten litigants in federal court filings.  The court is unsure what to make of plaintiffs' reference to last chances and terror.  But plaintiffs have decided to give the court reason to worry.[3]  And they've given the court reason to consider imposing sanctions.

Under certain circumstances, the court may impose an appropriate sanction on a party who violates Fed. R. Civ. P. 11(b), a local rule, or a court order.  *See* D. Kan. Rule 11.1; Fed. R. Civ. P. 11(c).  Federal district courts have "broad discretion to impose Rule 11 sanctions[.]" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 407 (1990); *see also Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party . . .

---

[3]      Plaintiffs also issue a gentler warning earlier in their Response.  *See* Doc. 24 at 7 (asserting that plaintiffs' "[a]ction against [d]efendant represents a 'Waiver of Attorney-Client Privilege' every piece of facts obtained is linked that [w]aiver which the [d]efendant *dare not* address to the [c]ourt").

for failing to comply with local or federal procedural rules.  Such sanctions may include dismissing the party's case with prejudice or entering judgment against the party."); D. Kan. Rule 11.1(c).

Here, the court orders plaintiffs to show cause why their discussion of the "new meanings" of "*Last Clear Chance and In Terror Synonyms*," *see* Doc. 24 at 16, has not violated Fed. R. Civ. P. 11(b).[4]  *See* Fed. R. Civ. P. 11(c)(3); D. Kan. Rule 11.1(a).  As our court's local rule provides, "all parties may respond within 14 days after the filing of the order to show cause" and the "responses may include affidavits and documentary evidence as well as legal arguments."  D. Kan. Rule 11.1(a).

The court now turns to the substance of defendant's Motion to Dismiss.

### III.    Defendant's Motion to Dismiss (Doc. 17)

Defendant filed a Motion to Dismiss plaintiffs' claims.  Doc. 17.  In its supporting brief (Doc. 18), defendant argues that several independent reasons require the court to dismiss plaintiffs' claims.  Few of these reasons receive direct scrutiny in plaintiffs' Response.  *See generally* Doc. 24.  Indeed, plaintiffs' pro se Response explores considerable legal terrain, but ultimately ventures into unintelligible territory.  The court squinted hard to construe liberally the pro se filing but struggled to find coherent arguments responding to the Motion to Dismiss.  Some arguments even appear to *support* granting defendant's Motion to Dismiss.  *See, e.g.*, Doc.

---

[4]      The court reminds plaintiffs that Fed. R. Civ. P. 11(b) provides:  "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it— an attorney or *unrepresented party* certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:  (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and] (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" Fed. R. Civ. P. 11(b)(1)–(2) (emphasis added).

24 at 16 (suggesting that plaintiffs "believe[ ] it would be fraudulent if this [c]ourt denies [d]efendant's Motion to Dismiss").

In any case, the court acknowledges the standards governing pro se practice and endeavors to resolve defendant's motion both justly and efficiently. *See* Fed. R. Civ. P. 1 (noting that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). The court thus first considers whether plaintiffs' claims are time-barred. This limitations issue is the topic that the Response addresses with a recognizable legal argument. As the court soon will explain, its analysis of the statute of limitations issue leaves one claim (Count II) unresolved. So, this Memorandum and Order then addresses whether the Complaint's allegations offered to support Count II satisfy the governing pleading standards.

But first, the court turns to the parties' arguments about whether plaintiffs' claims are time-barred.

### A. Whether Plaintiffs' Claims are Time-Barred

Plaintiffs bring five claims against defendant. *See* Doc. 1 at 10–13 (Compl.). Defendant asserts that independent of the other defects meriting dismissal, most of plaintiffs' claims succumb to the statute of limitations. Plaintiffs offer several counterarguments. The court now recites the rule governing dismissal on statute of limitations grounds under Fed. R. Civ. P. 12(b)(6) and then applies that standard here.

### 1. Legal Standard

The Federal Rules of Civil Procedure distinguish defenses from affirmative defenses. *Compare* Fed. R. Civ. P. 8(b) ("Defenses; Admissions and Denials"), *with* Fed. R. Civ. P. 8(c) ("Affirmative Defenses"). Federal Rule of Civil Procedure 12(b) authorizes a party to assert by

motion certain defenses, including that the claimant "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).

The "statute of limitations is an affirmative defense[.]" *Cosgrove v. Kan. Dep't of Soc. & Rehab. Servs.*, 332 F. App'x 463, 467 (10th Cir. 2009); Fed. R. Civ. P. 8(c)(1). But the Tenth Circuit nonetheless has recognized the statute of limitations as a possible basis for dismissal under Fed. R. Civ. P. 12(b)(6). To "dismiss a claim pursuant to Rule 12(b)(6) on" the basis of the statute of limitations, "it must be clear from the face of the complaint that the claims are time-barred." *Cosgrove*, 332 F. App'x at 467; *see also Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) ("While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute. Statute of limitations questions may, therefore, be appropriately resolved on a Fed. R. Civ. P. 12(b) motion." (citations and internal quotation marks omitted)).

## 2. Analysis

As a threshold issue, the court must determine which state law applies. A "federal court sitting in diversity must apply the choice of law provisions of the forum state in which it is sitting." *Ace Prop. & Cas. Ins. Co. v. Superior Boiler Works, Inc.*, 504 F. Supp. 2d 1154, 1158 (D. Kan. 2007); *see also Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). This court sits in the Sunflower State and thus applies Kansas choice of law provisions.

Kansas courts follow the Restatement (First) of Conflict of Laws. *Brenner v. Oppenheimer & Co. Inc.*, 44 P.3d 364, 375 (Kan. 2002). Under the First Restatement, "[a]ll matters of procedure are governed by the law of the forum." Restatement (First) of Conflict of Laws § 585 (1934). The First Restatement categorizes statute of limitations as a procedural

issue.  More specifically, it provides that if an "action is barred by the statute of limitations of the forum, no action can be maintained though [the] action is not barred in the state where the cause of action arose." *Id.* § 603.  Thus, the court must determine if Kansas law imposes a statute of limitations that bars plaintiffs' claims.

The governing Kansas law comes from Kan. Stat. Ann § 60-513.  Under it, the statute of limitations is two years for claims based on fraud, tortious interference, and trespass or conversion.  *See* Kan. Stat. Ann. § 60-513(a)(1)–(4).  For claims based on fraud, that two year period begins from the date of discovering the fraud.  *See* Kan. Stat. Ann. § 60-513(a)(3). Defendant argues that the pleadings (or documents subject to judicial notice)[5] show that Counts I, III, IV and V are time-barred under Kan. Stat. Ann. § 60-513(a).  Doc. 18 at 13.  Defendant presents this argument in three parts.

*First*, defendant argues that the Complaint and plaintiffs' pleadings in earlier litigation reveal that the alleged conduct giving rise to plaintiffs' claims for fraud (Counts I and V), tortious interference with contract (Count IV), and trespass to chattels (Count III) occurred between 2011 and 2016.  *Id.* (citing Doc. 1 at 5–8 (Compl. ¶¶ 35–39, 46–49, 53, 66)).  *Second*, defendant asserts the Complaint reveals that plaintiffs had discovered the alleged fraudulent conduct by March 1, 2012, because, by that date, plaintiffs raised these issues of alleged fraud in earlier litigation.  *Id.*; *see also id.* at 6 (citing Doc. 18-3).  And *third*, defendant similarly argues that plaintiffs' claim for trespass to chattels (Count III)—based on defendant's client's possession of a promissory note—arose before February 27, 2012 because, on that date a court

---

[5]     Both parties assert that the court may consider certain materials at this stage of litigation under the doctrine of judicial notice.  *See, e.g.*, Doc. 18 at 5; Doc. 24 at 2, 7, 12.  The Tenth Circuit has noted that "facts subject to judicial notice may be considered on a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment.  This allows the court to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (citations and internal quotation marks omitted).

entered summary judgment—finding that the client was legally entitled to enforce the note.  Doc. 18 at 14.

In response, plaintiffs invoke several rules governing limitation periods.  *See* Doc. 24 at 8–11.  The sources of these tolling rules include federal bankruptcy law, Kansas law, and the Kansas Rules of Professional Conduct.  The court examines each to determine whether the relevant limitations periods under Kan. Stat. Ann. § 60-513(a) bar plaintiffs' claims.  The court first considers plaintiffs' arguments about the Kansas Rules of Professional Conduct.

*Initially*, plaintiffs cite the rules of professional conduct governing lawyers in Kansas. Doc. 24 at 8.  Plaintiffs explain that their action against defendant is "for knowingly representing false claims before 'Tribunals[,]' which is a violation pursuant [to] Kan. Supreme[ ] Ct. R. 226, 3.3 Advocate Rules of Profession[al] Conduct."  *Id.* at 1.[6]  Plaintiffs assert that an attorney's duty of candor toward the tribunal is subject to no statute of limitations.  *See id.* at 8 (discussing Kan. Sup. Ct. R. 226 (Kan. R. Prof'l Conduct 3.3) (renumbered as Kan. Sup. Ct. R. 240)).  But plaintiffs fail to explain how this purported limitations rule for the Kansas Rules of Professional Conduct connect to the limitations question at issue here.  Contrary to plaintiffs' belief that they may bring claims against defendant under the Kansas Rules of Professional Conduct, *see id.* at 1, those rules explicitly warn against their use as a cudgel or basis for a civil claim.  The "Scope" section of the Rules provides:

> Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached.  In addition, violation of a Rule does not necessarily warrant any other nondisciplinary remedy . . . [The Rules] are not designed to be a basis for civil liability.  Furthermore, the purpose of the rules can be subverted when they are involved by opposing parties as procedural weapons.  The fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the

---

[6]   "Rule 226 renumbered without amendment to Rule 240 effective January 1, 2021."  Kan. Sup. Ct. R. 240 (Kan. R. Prof'l Conduct Prefatory Rule).

> administration of a disciplinary authority, does not imply that an antagonist in a
> collateral proceeding or transaction has standing to seek enforcement of the Rule.

Kan. Sup. Ct. R. 240 (Kan. R. Prof'l Conduct Scope [20]).  The court thus rejects plaintiffs'

apparent argument that the Rules of Professional Conduct control the limitations issues that

defendant's motion presents.

 *Next*, plaintiffs mention 11 U.S.C. § 108(a)—a federal bankruptcy statute.  Doc. 24

at 9.  That statute provides:

> If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding,
> or an agreement fixes a period within which the debtor may commence an action,
> and such period has not expired before the date of the filing of the petition, the
> trustee may commence such action only before the later of—(1) the end of such
> period, including any suspension of such period occurring on or after the
> commencement of the case; or (2) two years after the order for relief.

11 U.S.C. § 108(a).  Plaintiffs again fail to explain how this provision governing when

bankruptcy "*trustee* may commence [an] action" applies to them.  *Id.* (emphasis added); *see also*

Doc. 24 at 9–10.  Plaintiffs instead assert that § 108(a) "stayed by injunction" their "discovery of

[c]laim." Doc. 24 at 9.  Plaintiffs similarly argue that "State law provisions of [Kan. Stat. Ann.

§] 60-519 stayed Plaintiffs' action." *Id.*  That Kansas statute provides, "[w]henever the

commencement of any action shall be stayed by an injunction of any court, the time during

which such injunction shall be in force shall not be deemed any portion of the time limit for the

commencement of such action."

 The court liberally construes plaintiffs' pro se Response to argue that these two statutes—

11 U.S.C. § 108(a) and Kan. Stat. Ann. § 60-519—applied together prevent § 60-513's

limitations periods from barring plaintiffs' claims against defendant.  *See* Doc. 24 at 9–10.  The

court rejects this argument.  Plaintiffs mention both these statutes and plaintiffs' "discharge[ ]

from Bankruptcy in December[ ] 2019" but fail to explain whether "the commencement of" their

action against defendant was "stayed by an injunction[.]"[7]  *Id.*  Plaintiffs do mention a

"Reparations Program" under which that they "did not receive[ ] settlement for their home loss

because of pending litigation and bankruptcy injunction of that litigation at filing deadline."

Doc. 24 at 2.  But plaintiffs do not assert that they were enjoined from bringing claims against

defendant Millsap and Singer, LLC.  Ultimately, plaintiffs fail to persuade the court that 11

U.S.C. § 108(a) or Kan. Stat. Ann. § 60-519 renders their claims timely under Kan. Stat. Ann. §

60-513(a).

  *Finally*, plaintiffs invoke Kansas case law in effort to rebuff defendant's arguments that

plaintiffs' claims are time-barred.  *See* Doc. 24 at 10 (citing *Robinson v. Shah*, 936 P.2d 784

(Kan. Ct. App. 1997)).  Plaintiffs quote *Robinson* for two rules governing limitations periods.

*See id.*  The court explains these two rules that plaintiffs flag, and then considers whether they

apply here.

  *First*, *Robinson* explained that if a person with a cause of action against another "is

misled by the fraud and misrepresentation of such other person to the extent that the injured party

permits the statute of limitations to bar his or her action," then the "injured party may sue the

perpetrator for fraud and deceit, not on account of the original negligence but on account of the

subsequent fraud and misrepresentation which deceived the injured party with the consequence

that the time bar ran against the original action."  *Robinson*, 936 P.2d at 786 (Syl. ¶ 1).  And

*second*, plaintiffs note that *Robinson* explained that "[f]raudulent concealment of the true facts

---

[7]  Plaintiffs mention neither the automatic bankruptcy stay under 11 U.S.C. § 362 nor how that
provision might apply to a debtor's claims.  The only stay entered in this case was the stay that Magistrate
Judge O'Hara entered on January 25, 2021—which stayed discovery and pretrial proceedings until the
court decides defendant's Motion to Dismiss plaintiffs' Complaint.  Doc. 22 at 1–3.  And Magistrate
Judge O'Hara entered this stay after the limitations period expired and after plaintiffs filed their claims.
So, this case's stay (Doc. 22) cannot provide the basis for tolling or extending the § 60-513 limitations
period.

by the perpetrator of a fraud will also toll the running of the 10-year statute of repose to the same extent and on the same conditions as such fraudulent concealment tolls the statute of limitations." *Id.* at 786–87 (Syl. ¶ 6).

Neither of these rules saves plaintiffs' claims from the statute of limitations. *First*, the rule about claims of fraudulent prevention of timely filing does not apply here. Plaintiffs allege that defendant engaged in fraudulent conduct, and that this conduct serves as the basis of their claim against defendant. Doc. 1 at 2–11 (Compl.). But plaintiffs' Response asserts nothing about "subsequent fraud and misrepresentation which deceived the injured party with the consequence that the time bar ran against the original action." *Robinson*, 936 P.2d at 786 (Syl. ¶ 1). This aspect of *Robinson* does not assist plaintiffs' arguments against dismissal under the limitations period. And *second*, plaintiffs fail to connect *Robinson*'s rule governing the statue of repose to the statute of limitations issues that defendant's motion presents. Defendant's supporting brief does not mention repose at all. *See* Doc. 18.

In sum, defendant argues that plaintiffs' claims are untimely. The court agrees with defendant, in part. The events giving rise to the claims under Counts I, III, IV, and V occurred well over two years before plaintiffs filed this action. And plaintiffs discovered the alleged fraud more than two years before this suit began in 2020. To the extent plaintiffs ever could have brought properly the claims under Counts I, III, IV and V against defendant, the time to do so has passed. The statute of limitations barred plaintiffs from bringing these claims in 2020. The court thus grants defendant's Motion to Dismiss Counts I, III, IV, and V. But because some of the trespassory conduct alleged under Count II occurred as recently as 2020, *see* Doc. 1 at 11 (Compl. ¶ 90), the court does not deem that claim untimely under Kan. Stat. Ann. § 60-513(a).

The court thus turns now to defendant's alternative argument for dismissing Count II and considers whether plaintiffs fail to state a claim for trespass.

### B.      Whether Plaintiffs Fail to State a Claim for Trespass (Count II)

In Count II of the Complaint, plaintiffs bring a claim against defendant for Trespass to Land.  Doc. 1 at 11 (Compl.).  Defendant asserts that plaintiffs' allegations fail to meet the standards the Supreme Court set in *Iqbal* and that the court thus should dismiss Count II.  Doc. 18 at 15.  The court briefly recites the legal standard governing motions to dismiss under Fed. R. Civ. P. 12(b)(6) before applying that standard to plaintiffs' trespass claim under Count II.

### 1.   Legal Standard

Federal Rule of Civil Procedure 8(a)(2) provides that a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although this Rule "does not require 'detailed factual allegations,'" it demands more than a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, the Supreme Court has explained, "'will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

 When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must assume that the Complaint's factual allegations are true.  *Id.* (citing *Twombly*, 550 U.S. at 555).  But the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief.  *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).  The Complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]"  *Twombly*, 550 U.S. at 555 (citations omitted).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." (citation omitted)).

Next, the court considers whether plaintiffs' allegations supporting Count II's trespass claim satisfy this pleading standard.

### 2.  Analysis

Defendant asserts that the court should dismiss plaintiffs' trespass claim under Count II because "[e]ven were the [c]ourt to take these allegations as true," Count II "is so lacking any specificity as to render it virtually impossible for [defendant] to adequately respond to the claim." Doc. 18 at 15.  Defendant reasons that the court can infer from plaintiffs' factual allegations supporting Count II "no more than a 'mere possibility of misconduct,'" because "[b]eyond stating a vague 9 year period in which the equally vague alleged entries upon their property occurred by unnamed persons/parties, [plaintiffs] fail to provide any details as to the actual basis of their claim." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

The court agrees with defendant's reasoning.  Plaintiffs' Complaint offers the meagerest of factual allegations to support Count II.  *See* Doc. 1 at 2, 9, 11 (Compl. ¶¶ 14, 74–77, 89–93).

13

The few facts alleged reveal only (1) the location of the real property, *id.* at 9 (Compl. ¶ 74), and (2) the nine-year period during which defendant's alleged unlawful entries occurred, *id.* at 11 (Compl. ¶ 90).  At most, the allegations that plaintiffs offer to support the trespass claim are little more than "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]'"  *Bixler*, 596 F.3d at 756 (quoting *Iqbal*, 556 U.S. at 678).  The Complaint lacks sufficient factual matter to allow "the court to draw the reasonable inference that" defendant is liable for the alleged trespass.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  Plaintiffs' pleading thus fails to state a claim for trespass that is plausible on its face.  *Id.*  Count II cannot survive the Fed. R. Civ. P. 12(b)(6) standard.  The court thus grants defendant's Motion to Dismiss Count II.

Defendant makes many other arguments for dismissing plaintiffs' claims.  *See* Doc. 18. Because this Memorandum and Order resolves the Motion to Dismiss based on the statute of limitations and failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court does not decide the merits of defendant's alternative bases for dismissal.

## IV.    Conclusion

Defendant moves the court to dismiss plaintiffs' claims for several independent reasons—including that the claims are time-barred by the statute of limitations or otherwise fail to state a claim under the Fed. R. Civ. P 12(b)(6) standard.  In their untimely Response, plaintiffs fail to muster effective counterarguments.  They cite various sources of law in an effort to overcome defendant's statute of limitations argument, but none offer a valid reason for denying the Motion to Dismiss.  The court thus grants the motion against Counts I, III, IV, and V, and dismisses those claims on statute of limitations grounds.

In contrast, the court concludes that Count II is not barred by the governing statute of limitations. But Count II nonetheless merits dismissal because plaintiffs fail to allege facts sufficient to allow a reasonable trier of fact to conclude that defendant is liable for the conduct alleged under Count II. The court thus dismisses Count II for failure to state a claim for which relief can be granted.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Dismiss (Doc. 17) is granted, consistent with this Memorandum and Order.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiffs' Complaint is dismissed, as this Memorandum and Order provides. Counts I, III, IV, and V are dismissed with prejudice. But, Count II is dismissed without prejudice.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiffs are ordered to show cause, within 14 days of this Order, why their discussion of the "new meanings" of Last Clear Chance and In Terror Synonyms on page 16 of their Response (Doc. 24) has not violated Fed. R. Civ. P. 11(b). As the local rules provide under D. Kan. Rule 11.1(a), "all parties may respond within 14 days after the filing of" this Order and the "responses may include affidavits and documentary evidence as well as legal arguments."

**IT IS SO ORDERED.**

**Dated this 21st day of April, 2021, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**