IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOBBY J. SPENCER and
DIANE W. SPENCER,

        Plaintiffs,

v.

MILLSAP AND SINGER, LLC,

        Defendant.

Case No. 20-2475-DDC

**MEMORANDUM AND ORDER**

    Pro se[1] plaintiffs Bobby J. Spencer and Diane W. Spencer submit two filings now ripe for the court's decision: (1) plaintiffs' Response (Doc. 27) to the court's Show Cause Order about sanctions under Fed. R. Civ. P. 11, and (2) plaintiffs' Motion for Reconsideration (Doc. 28) of the court's Memorandum and Order (Doc. 25) granting defendant's Motion to Dismiss. For reasons explained below, the court declines to impose sanctions and denies plaintiffs' Motion for Reconsideration.

    Below, the court first briefly recites the procedural background of this case, and then turns to consider, separately, the Fed. R. Civ. P. 11 and Fed. R. Civ. P. 59(e) issues that plaintiffs' filings present.

---

[1]     Because plaintiffs proceed pro se, the court construes their pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers). But the court does not assume the role as plaintiffs' advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The court does not construct arguments for plaintiffs or search the record. *Id.* And our Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Id.* at 840 (citation and internal quotation marks omitted). Here, some of plaintiffs' pro se filings have failed to comply with the court's procedural rules, *see* Doc. 23 at 1–2; Doc. 25 at 2–4, and their arguments often have proved difficult to comprehend, *see* Doc. 25 at 4.

**I.     Procedural Background**

Plaintiffs brought several claims against defendant Millsap and Singer, LLC.  *See* Doc. 1 at 10–13 (Compl.).  Defendant is a law firm who represented an adverse party in separate litigation involving plaintiffs.  *See id.* at 2–3, 6–8 (Compl.).  Defendant filed a Motion to Dismiss (Doc. 17) and a Memorandum in Support (Doc. 18).  But plaintiffs failed to respond to defendant's Motion to Dismiss in a timely fashion.

Given plaintiffs' silence and missed deadline, the court ordered plaintiffs to show cause why the court should not grant defendant's Motion to Dismiss as uncontested.  Doc. 23 at 1–2.  The Show Cause Order (Doc. 23) ordered plaintiffs to file a Response to the Show Cause Order and any Response to defendant's Motion to Dismiss.  *Id.* at 2.  Plaintiffs timely responded to the Show Cause Order by filing a document (Doc. 24) responding to both the Show Cause Order and defendant's Motion to Dismiss.  Plaintiffs failed to explain adequately their failure to respond to the Motion to Dismiss in a timely fashion.  But hesitant to resolve the case strictly on procedural grounds, the court considered the merits of defendant's arguments for dismissal and plaintiffs' opposing arguments.  Ultimately, the court issued an Order granting defendant's Motion to Dismiss (Doc. 17).  Doc. 25 at 15.

The court next considers whether the content of plaintiffs' Response to defendant's Motion to Dismiss violates Fed. R. Civ. P. 11, and if so, whether the conduct warrants sanctions.

**II.    Plaintiffs' Response to the Court's Show Cause Order Under Fed. R. Civ. P. 11**

Plaintiffs' Response to defendant's Motion to Dismiss explained that "Defendant has NO idea[ ] what Plaintiffs are capable of when the Court permits the terms of Last Clear Chance and In Terror Synonyms will have new meanings."  Doc. 24 at 16.  These comments concerned the court.  *See* Doc. 25 at 3 (explaining that plaintiffs' "Response appears to threaten defendant").

Accordingly, the court ordered plaintiffs to Show Cause why their discussion of the "new meanings" of Last Clear Chance and In Terror Synonyms did not violate Fed. R. Civ. P. 11(b). *See* Doc. 25 at 3–4. Plaintiffs filed a timely Response (Doc. 27). Defendant filed nothing.

The court now recites the legal standard governing sanctions under Fed. R. Civ. P. 11 and then weighs whether plaintiffs adequately responded to the court's Show Cause Order on this sanctions issue.

### A.     Legal Standard Governing Sanctions Under Fed. R. Civ. P. 11

Under certain circumstances, the court may impose an appropriate sanction on a party who violates Fed. R. Civ. P. 11(b), a local rule, or a court order. *See* D. Kan. Rule 11.1(b)–(c); Fed. R. Civ. P. 11(c). Rule 11(b) explains that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or *unrepresented party* certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and] (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

Fed. R. Civ. P. 11(b)(1)–(2) (emphasis added). "The court, on its own initiative, may issue an order to show cause why sanctions should not be imposed against a party and/or an attorney" for violating Fed. R. Civ. P. 11. D. Kan. Rule 11.1(a)(1). Our court's local rule provides that "all parties may respond within 14 days after the filing of the order to show cause," and the "responses may include affidavits and documentary evidence as well as legal arguments." D. Kan. Rule 11.1(a)(1). The court "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule[.]" Fed. R. Civ. P. 11(c)(1); *see also* D. Kan. Rule 11.1(b)–(c).

Federal courts have "broad discretion to impose Rule 11 sanctions[.]" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 407 (1990); *see also Reed v. Bennett*, 312 F.3d 1190, 1195 (10th

Cir. 2002) ("A district court undoubtedly has discretion to sanction a party . . . for failing to comply with local or federal procedural rules. Such sanctions may include dismissing the party's case with prejudice or entering judgment against the party."); D. Kan. Rule 11.1(c). The "central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." *Collins v. Daniels*, 916 F.3d 1302, 1322 (10th Cir. 2019) (citation and internal quotation marks omitted). The court imposes "sanctions to discourage dilatory or abusive tactics by litigants or their attorneys." *Cotner v. Hopkins*, 795 F.2d 900, 903 (10th Cir. 1986).

The court now considers whether plaintiffs' Response to the Show Cause Order adequately explains why the court should not impose sanctions here.

B.  **Whether the Circumstances Warrant Sanctioning Plaintiffs**

Plaintiffs' Response to defendant's Motion to Dismiss appeared to threaten defendant. Plaintiffs wrote in their Response: "Defendant has NO idea[ ] what Plaintiffs are capable of when the Court permits the terms of Last Clear Chance and In Terror Synonyms will have new meanings." Doc. 24 at 16. Plaintiffs' Response to the Show Cause Order acknowledges the court's concern for litigants' personal safety and explains that plaintiffs' representations were a "[m]isunderstanding only and [n]o way any form of a threat against the Defendant." Doc. 27 at 4. Plaintiffs apologize and assert that "no[ ] threat ever existed against" defendant. *Id.* at 5.

Plaintiffs attempt to explain their Response's references to the "new meanings" of In Terror Synonyms and Last Clear Chance. *Id.* at 1–3. For example, plaintiffs explain that plaintiff Bobby Spencer "wish not [to] alarm the Court nor be contempt by use for terms of his profession as former JCS (Joint Chiefs of Staff) and NATO Commander Subject Matter Expert . . . ." Doc. 27 at 2–3. And plaintiffs inform the court that defendant had "entered a Weapons

4

Free Zone on its accord[ ], meaning everything the Defendant's judicial admissions, testimonies, pleadings, Emails, billing records and their Standards/Can[ ]ons of Ethics will be utilized in the prosecution as weapons." *Id.* at 3. Given the court's stated concern about plaintiffs' language appearing to threaten, plaintiffs should reassess their commitment to martial analogies and talk of utilizing weapons.

Plaintiffs attempt to justify their reference to terror by explaining that their "introduction to *In Terror* developed from the Defendant's website as a pro bono/public information newsletter to Pro Se Litigants[.]" *Id.* at 1. Plaintiffs assert that defendant "applied the Pro Se flight as *In Terror*." *Id.* The court doesn't know what that means.

Plaintiffs also attempt to justify their brief's foreshadowing of a new meaning of "last clear chance" by citing insurance law. *See id.* at 3. Plaintiffs suggest that "last clear chance" is an insurance law doctrine "which analogy/explanation of use applies to Defendant's knowing of his client" in this case. *Id.* Yet, plaintiffs' discussion of "last clear chance" mentioned nothing about insurance law or why it might apply by analogy to the issues this litigation presents. *See* Doc. 24 at 16.

Moreover, the last clear chance doctrine refers to the tort law concept of contributory negligence. *See* G. Edward White, *The Emergence and Doctrinal Development of Tort Law, 1870–1930*, 11 U. St. Thomas L.J. 463, 492–93 (2014) (discussing the last clear chance doctrine's development as "a limitation on contributory negligence"). But none of plaintiffs' claims involve negligence. *See* Doc. 1 at 10–13 (Compl.). And defendants' arguments supporting the Motion to Dismiss invoke nothing analogous to contributory negligence. So, the court cannot accept the unsupported leap in logic plaintiffs use to explain their reference to the last clear chance doctrine.

Plaintiffs' colorful (and confusing) explanations fail to instill much confidence that their comments were warranted by a nonfrivolous argument for extending existing law or establishing new law, and not made merely to threaten or harass defendant. *See* Fed. R. Civ. P. 11(b)(1)–(2). Even if the court deemed plausible plaintiffs' proffered legal bases for mentioning terror and the last clear chance doctrine, these individual elements of plaintiffs' troubling sentence are far less concerning than the sum of its parts. Only when read in its entirety does plaintiffs' bizarre comment create concern. Again, plaintiffs said that "Defendant has NO idea[ ] what Plaintiffs are capable of when the Court permits the terms of Last Clear Chance and In Terror Synonyms will have new meanings." Doc. 24 at 16. Plaintiffs now assure the court that it "erred in considering Plaintiffs pose any physical threat to Defendant." Doc. 27 at 1. But plaintiffs' claim of harmlessness is difficult to square with their earlier brief's tough talk. Ultimately, plaintiffs fail to demonstrate that their representation to the court was appropriate under Fed. R. Civ. P. 11(b).

Still, the decision whether to impose sanctions after a party violates Fed. R. Civ. P. 11(b) sits within the court's discretion. *See Augustine v. United States*, 810 F.2d 991, 996 (10th Cir. 1987) ("The refusal to impose sanctions is solely within the discretion of the trial court, to be reversed only when that discretion is abused."). Here, the court doubts the utility of sanctioning plaintiffs, and anticipates that the earlier Show Cause Order and this Memorandum and Order explaining the court's concerns deliver an appropriate warning that will deter plaintiffs from injecting this sort of troubling "misunderstanding" again. Exercising its discretion, the court declines to impose sanctions against plaintiffs.

The court next considers plaintiffs' Motion for Reconsideration.

**III.     Plaintiffs' Motion for Reconsideration (Doc. 28)**

Plaintiffs also filed a Motion for Reconsideration of the court's Memorandum and Order (Doc. 25) granting defendant's Motion to Dismiss (Doc. 17).[2] Defendant opposes plaintiffs' motion, arguing that the motion fails to "assert any error in the Court's prior analysis" or cite to "discovery of any new facts or law" justifying reconsideration. Doc. 29 at 2. Plaintiffs filed no Reply brief, and the deadline to do so has passed. *See* D. Kan. R. 6.1(d).

Next, the court recites the rule governing a Motion for Reconsideration under Fed. R. Civ. P. 59(e), and then applies that standard to plaintiffs' motion.

**A.     Legal Standard Governing Motions for Reconsideration**

Federal Rule of Civil Procedure 59(e) authorizes a motion to alter or amend a judgment. "Rule 59(e) derives from a common-law court's plenary power to revise its judgment during a single term of court, before anyone could appeal." *Banister v. Davis*, 140 S. Ct. 1698, 1709 (2020). "The Rule gives a district court the chance to 'rectify its own mistakes in the period immediately following' its decision." *Id.* at 1703 (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)). The time for filing a Fed. R. Civ. P. 59(e) motion "is short—28 days from entry of judgment, with no possibility of extension." *Id.*; *see also* Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 6(b)(2).

Grounds warranting a motion to reconsider "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court

---

[2]     Plaintiffs filed their motion under "Fe[d]. R. Civ. P. 7.3." *See* Doc. 28 at 1. The court construes plaintiffs' reference to Rule 7.3 as referring to D. Kan. Rule 7.3. But under that local rule, parties "seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60. The court will not grant reconsideration of such an order or judgment under [Rule 7.3]." D. Kan. Rule 7.3. Here, the court construes plaintiffs' pro se motion as one under Fed. R. Civ. P. 59(e).

7

has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). When ruling on Fed. R. Civ. P. 59(e) motions, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister*, 140 S. Ct. at 1703 & n.2.

### B. Whether Plaintiffs Are Entitled to Relief Under Fed. R. Civ. P. 59(e)

Plaintiffs ask the court to reconsider its Memorandum and Order (Doc. 25) granting defendant's Motion to Dismiss. *See* Doc. 28 at 1. But plaintiffs allege no intervening change in controlling law and present no new evidence in support of their arguments. Instead, plaintiffs contend that the court gave biased "consideration to Plaintiffs' cause of action with its presiding discretion." *Id.* Additionally, plaintiffs' Motion for Reconsideration echoes arguments that they made to oppose defendant's Motion to Dismiss. *Compare id.*, *with* Doc. 24 at 9–11. The court liberally construes plaintiffs' pro se motion to challenge that the court misapprehended the plaintiffs' position and the controlling law.

The court now considers whether plaintiffs present any valid basis for reconsideration.

#### 1. Whether the Court Misapprehended Plaintiffs' Position

Plaintiffs argue that the court misapprehended the position plaintiffs adopted in their Response to defendant's Motion to Dismiss. Plaintiffs assert that the court failed to consider plaintiffs "as what they truly [are], which are victims." Doc. 28 at 1. Revisiting the history of this litigation should disabuse plaintiffs of their concern about any bias. Throughout the proceedings, the court repeatedly has treated plaintiffs with unusual lenience.

*First*, the court permitted plaintiffs to file an untimely response to defendant's motion for dismissal. *See* Doc. 23 at 1–2; Doc. 25 at 3. "Ordinarily, the court will grant [an uncontested] motion without further notice." D. Kan. Rule 7.4(b). But here, the court nudged plaintiffs to

respond and provided plaintiffs the chance to explain their failure to respond in a timely fashion. *See* Doc. 23 at 1–2. *Second*, despite plaintiffs' failure to provide a sufficient explanation for their failure to respond timely, the court still considered plaintiffs' Response when ruling defendant's Motion to Dismiss on the merits. *Third*, even after plaintiffs appeared to threaten defendant, *see* Doc. 24 at 16, the court did not defer ruling on the Motion to Dismiss to determine whether to impose sanctions under Fed. R. Civ. P. 11—which might have included dismissing plaintiffs' action altogether, *see* D. Kan. Rule 11.1(b)(3). Instead, the court promptly ruled the Motion to Dismiss on its merits independent of the potential sanctions issue, and ultimately opted not to impose sanctions.

At nearly every step of this case, the court has accommodated plaintiffs' failure to comply with the rules, and more than once spared their action from dismissal based on their failure to follow those rules. The court also has minded our Circuit's standard governing pro se practice, construing liberally their pro se filings and giving carefully consideration to their often unintelligible arguments. Plaintiffs' claim of judicial bias is baseless.

The court recognizes that plaintiffs' claim that they suffered various legal injuries. But their status as plaintiffs does not guarantee a favorable outcome. The court must apply the controlling law to the facts of the dispute before it. In moving for reconsideration, plaintiffs fail to show that the court erred in apprehending those facts or the parties' position about how the law applies to those facts. So, neither of those potential bases for Fed. R. Civ. P. 59(e) relief applies here.

The court thus turns to the portions of plaintiffs' Motion for Reconsider that the court might liberally construe as arguing that the court misapprehended the controlling law.

## 2. Whether the Court Misapprehended the Controlling Law

Plaintiffs also suggest that the court misapprehended the controlling law in plaintiffs' Response. The court liberally construes plaintiffs' motion to assert that the court's "worry, concern, and prejudice" resulting from plaintiffs' Response (Doc. 24) caused the court to provide an "[un]just and bias[ed] consideration of [m]andates of the Kansas [l]aw cited as non-conflicting conjunction of Status of Limitations Statutes of KSA 60-513 and KSA 60-519 when applied to 11 U.S.C[. §] 108 which tolled Plaintiffs' action." Doc. 28 at 1.

The court understands this argument as one asserting that the court's concern about plaintiffs possibly threatening the opposing party clouded the court's ruling on defendant's Motion to Dismiss.[3] Plaintiffs also mention 28 U.S.C. § 1334(c)(1). *See* Doc. 28 at 1. But they fail to explain how this provision warrants relief under Fed. R. Civ. P. 59(e).

By arguing that the portions of plaintiffs' Response that the court perceived as potentially improper or frivolous caused the court to misapprehend the governing law, plaintiffs overlook the court's decision to rule defendant's Motion to Dismiss independent of any potential Fed. R. Civ. P. 11 issues. The gulf separating the court's treatment of those two issues is evident not

---

[3] In its Memorandum and Order granting defendant's Motion to Dismiss, the court previously considered and rejected plaintiffs' arguments invoking those statutes. *See* Doc. 25 at 9–10. The court determined that Kansas law imposed a statute of limitations that barred four of plaintiffs' five claims. *See id.* at 7–11. But the court concluded that the governing statute of limitations did not bar the remaining claim. *See id.* at 12–13. The court dismissed the four time-barred claims as untimely and dismissed the final claim for failing to state a claim for which relief can be granted. *See id.* at 13–14. Yet plaintiffs' Motion for Reconsideration explains that plaintiffs choose to "respectfully concede" that the remaining claim would be "futile to move for reconsideration." Doc. 28 at 1.

To the extent that plaintiffs assert that reconsideration is warranted because the court's Memorandum and Order misconstrued the relationship between Kansas law and 11 U.S.C. § 108, plaintiffs fail to support that argument with coherent reasoning. Plaintiffs' Motion for Reconsideration, like their previous filings, are difficult to comprehend even when viewed under the forgiving standard governing pro se practice. *See* Doc. 25 at 4 ("[P]laintiffs' pro se Response explores considerable legal terrain, but ultimately ventures into unintelligible territory. The court squinted hard to construe liberally the pro se filing but struggled to find coherent arguments . . . ."). The court again has endeavored to understand plaintiffs' assertions but struggles to find any comprehensive argument in plaintiffs' filing.

only in the Memorandum and Order's analysis, but also in the chronology of the court's separate consideration of the two issues. The court ruled defendant's Motion to Dismiss months before the court determined whether plaintiffs violated Fed. R. Civ. P. 11. And the defects requiring the court to dismiss plaintiffs' claims exists whether or not plaintiffs' Response violated Fed. R. Civ. P. 11. Plaintiffs fail to demonstrate that the court's ruling on defendant's Motion to Dismiss misapprehended the controlling law or otherwise ruled in a manner reflecting clear error or producing a manifest injustice.

In sum, plaintiffs assert no sufficient basis for granting reconsideration under Fed. R. Civ. P. 59(e). The court denies their motion accordingly.

## IV. Conclusion

The court ordered plaintiffs to show cause why their discussion of the "new meanings" of Last Clear Chance and In Terror Synonyms in their Response to defendant's Motion to Dismiss did not violate Fed. R. Civ. P. 11(b). In their Response to the Show Cause Order, plaintiffs assert that it was all just a misunderstanding and apologized. While the court's concerns persist, exercising its discretion, the court ultimately declines to impose sanctions on plaintiffs.

Plaintiffs also move the court to reconsider its ruling granting defendant's Motion to Dismiss. But plaintiffs' motion raises the same arguments presented to the court earlier and provide no valid grounds for relief under Fed. R. Civ. P. 59(e). The court thus denies plaintiffs' Motion for Reconsideration.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the court declines to sanction plaintiffs Bobby J. Spencer and Diane W. Spencer under Fed. R. Civ. P. 11.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiffs Bobby J. Spencer and Diane W. Spencer's Motion for Reconsideration (Doc. 28) is denied.

**IT IS SO ORDERED.**

**Dated this 7th day of July, 2021, at Kansas City, Kansas.**

                                                 **s/ Daniel D. Crabtree**
                                                 **Daniel D. Crabtree**
                                                 **United States District Judge**